Mr. Borstein, if it pleases the Court, I would like to turn the Court's attention to page 10 of the Apley's brief, where I think the Apley has actually summarized very succinctly what's at stake here. It says, the District Court also did not explicitly discuss Ablan's civil comparison claim, nor did the District Court consider Merrill Lynch's arguments the lack of evidence showing Merrill Lynch caused any of the alleged charges. That's saying here that we believe that the District Court failed to consider issues that were raised in the complaint, and without having considered them, now trying to argue something from the record to dispute what the Court should or should not have done is, I think, is an exercise in futility. The question here is, is the District Court required to have decided the conspiracy issue and whether anything was barred by lack of evidence on the amount of damages and causations? And what we say, they did not. What happened is, this is a three-count complaint. Well, but conspiracy isn't a separate tort, so why is it important for the judge? Actually, Your Honor, I believe that I did not state this correctly. This is not a conspiracy. It is an account of being liable as a conspirator because they facilitated what happened. What they, Merrill Lynch understood what the plan was to violate the financial arrangement agreement. They understood the intention of, they understood the intention of not paying Mr. Ablin his fees. They agreed with doing that, and they did whatever they could to facilitate doing it, and in fact, they did facilitate it, and that's what occurred. So, I think... And what exactly was it that they did? Because the District Court decided this on concluding that they did nothing at all. So, in your view, what exactly is it that Merrill Lynch did? They, knowing that there was an agreement, Merrill Lynch permitted TSC to get around that agreement, to not to ignore it, and not have to abide by it. That sounds like your complaint is that Merrill Lynch did nothing. They didn't stop anybody else from doing something. Could you explain to me what, if anything, you believe Merrill Lynch did? Yes. Merrill Lynch dealt directly with the borrower, keeping my client out of the loop, so he was not aware that was going on. They dealt directly with him, and then issued an application, and in this business, when you've issued an application, if the potential borrower said, I agree and I will abide by all the terms, then they get the money. So, what they did, in effect, was allowed him to get... Take out the words, in effect. Tell me what they did, concretely. What they did, concretely, is they dealt directly with TSG, concealed their dealing with TSG, and permitted TSG to proceed with having a loan, completely excluding my client from it. That's what they did. Right, and the District Court, on summary judgment, concluded that the evidence was insufficient to permit a claim for tortious interference or promissory stop will to go to a jury, and the conspiracy claim can't survive that ruling. You need an underlying tort, and once that's gone, then the conspiracy claim is necessarily gone. There is a fine line of distinction here, which has been made by this court in at least two different cases. This is not a question of whether they actively promoted the breach, so therefore, not actively tortiously interfering, nor did they, excuse me, nor did they actively, they did not actively assist in pulling money out of the accounts, which, but they permitted TSG to manipulate the words of those accounts, conceal that from my client. So, by permitting them to do it, they permitted TSG to violate the opinion of the order, and permitted TSG to manipulate those accounts. By permitting them to do it, then we go to what this court has, on at least two occasions said, is they knew about the plan, they approved the plan, they did what they could to approve it, and in fact, it hurt my client, and he's been damaged by it. So it's not, and I must apologize, saying calling it a conspiracy is not correct. What it is, is facilitating wrongful acts. And so it's not, I recognize in Illinois law, that a conspiracy is in and of itself not actionable. Are you saying that Merrill Lynch did something, or that it failed to do something that it was obligated to do? I think it failed to do things it was obligated to do. It was obligated to advise Mr. Ablin that they had been apprised, they had been approached by his client, the borrower. They were obligated to work with only the broker on this. They didn't do either one of those things. And what they did was, they allowed TSG to violate its agreement, which was wrong, that was a wrongful act that they allowed to happen. And then they allowed TSG to manipulate the escrows that were set up, and kept Mr. Ablin from having any information about that manipulation, which eventually led to their withdrawing money from it. So what's your theory of liability? The theory of liability is that knowing that there was a scheme to do wrongful acts, violate the agreement. What's the theory of liability? The theory of liability is in the two cases that I cited. I need a name. Is this, if it's not conspiracy, your briefs called this a conspiracy claim. And the law is very clear that if there's no underlying tort, the conspiracy claim necessarily fails. I respectfully disagree. I think that it's, and as I've just stated, I think I was incorrect in referring to it as conspiracy. Well, what is it if it's not a conspiracy? What it is, is the facilitation of the wrongful acts. And in two cases, this court has decided that if they knew what was going on, if they knew what was going to happen, they approved of it, they actively supported doing it. And in fact, the claimant- Well, how did Merrill Lynch support TSG in doing this? Pardon me, I'm sorry. How did Merrill Lynch support TSG in doing this? By dealing, they supported TSG by dealing directly with the borrower, excluding, concealing that they were dealing with the borrower. And then they issued a loan application, which they then acted on without advising my client. That's what they did actively. That allowed TSG to violate its agreement. And then they dealt with TSG in setting up the escrows, allowing TSG to manipulate its language to the total exclusion of my client. Well, what was the basis of Merrill Lynch having a duty to Abler? In the industry, it is very well recognized for three reasons. That when a client is introduced to a commercial lender of this nature, that they will only deal with that client through the broker. One, just because they want that broker to continue representing business to them. Two, because the tranches that are necessary, as I pointed out, this is a 1031. The arrangement is 1031 so that TSG would buy real estate and then sell ticks, that's the tenants in common interest in it, so that people could avoid having to pay taxes on property sold. What was Merrill Lynch's relation with Ablen? Ablen had brought them several businesses, particularly this client. Once that occurs, all of the other lenders that TSG went to- Did Ablen have a contract with Merrill Lynch? No, but the arrangement in the business, every other lender that TSG approached said, no, you have to deal only with us. And that, incidentally, in Merrill Lynch's application, it said that. And they changed their application at TSG's request not to require to be dealing with the broker. That it's standard in the industry, all the other potential lenders said, no, you have to come with your broker. And even in this application, original application, said you must be dealing with us, with a broker. And then they took that out at the request of TSG. If that wasn't assisting TSG to get around, I don't know anything better than that. So you say Merrill Lynch had a legal duty to work through Ablen? Is that what you're saying? Knowing that there was an agreement with TSG and Ablen, that that alone would be enough. But in addition, their relationship with Ablen in every other deal and all the brokers were, that if you have been brought, if a client has been brought to the lender by a broker, then the lender would insist on using that broker, you can't approach them. But this isn't a legal rule or a contract. No, but it's a standard. It's a standard in the industry, but in this case, being fully apprised that there was an agreement between Ablen and TSG that they couldn't do it, then Merrill Lynch knew by permitting TSG to do that, they were permitting TSG to violate that agreement. Okay. Well, thank you. Thank you, Mr. Korsheim. Thank you. Mr. Connelly? Thank you. Conspiracy is not an independent tort. In order to state and bring a conspiracy claim, you need to have an underlying tort. At the district court level, Mr. Ablen argued that there were two underlying torts for these claims. One was promissory staple. The second was tortious interference. That is how this issue was framed to the district court, both by Merrill Lynch and by Mr. Ablen at the summary judgment stage. The district court ultimately concluded that Mr. Ablen did not have evidence for the promissory staple or the tortious interference claim. That decision, of course, necessarily means the conspiracy claim must be dismissed as well. You cannot pursue a conspiracy claim if you don't have evidence of your underlying torts. The district court didn't need to. They just didn't need to come out and spell that out in the opinion because the conspiracy claim necessarily, and it logically, fails as soon as the underlying torts will fail. So there is no error here by what the district court did. The district court's decision is 100% consistent with how Merrill Lynch and Mr. Ablen framed this issue for the court at summary judgment and is 100% consistent with the authority from this court as well as Illinois law on conspiracy claims. The only basis to remand this case would be if there was evidence presented in the record to this court that the district court got it wrong somehow with promissory staple or tortious interference. And there is no evidence in the record to this court that that took place. Well, in fact, the plaintiff disclaims any intent to attack the district court's rulings on the two substantive claims rather than the inchoate claim. That is absolutely correct. It said explicitly this appeal is being brought solely to seek a remand for purposes of the conspiracy claim. Where I had some confusion, too. The reply says we're not pursuing anything else. And if that's true, so if we accept the reply brief added on its face and Mr. Ablen is no longer pursuing any reversal with respect to promissory staple and tortious interference, it's over. Because that means those underlying torts are affirmed. If the underlying torts are affirmed, the conspiracy is necessarily granted summary judgment and the district court's ruling is abide by. My confusion stemmed a little bit from the opening brief which suggested that perhaps Mr. Ablen was pursuing a broader range of remedy with this court. Well, that was apparently withdrawn in the reply brief. That is how I wrote the reply brief as well. That's a waiver. And that is a waiver of it. You also have the problem that assume there isn't a waiver and the reply brief wasn't a waiver, no evidence citations were presented whatsoever. No record citations were presented whatsoever. This court has nothing from Mr. Ablen as an evidentiary foundation to say the district court got it wrong on promissory staple or tortious interference. So for those two reasons, those underlying decisions would have to be affirmed and if those two decisions are affirmed, the conspiracy decision and dismissing the conspiracy count is absolutely correct. I respect that there's a lot of allegations in the papers and there are allegations during oral argument about what took place and what duties happened. Two observations. One, that's not in the evidentiary record that was presented to this court. There's no citations to substantiate any of those comments. It also is not substantiated by the evidentiary record that was presented to the district court. So the lack of evidence for record citations is a fundamental flaw both to even conceptualizing the types of claims that Mr. Ablen claims he has and to this court reversing any of the decisions that the district court made. I mean, you can take the simple idea of a conspiracy. Well, leave aside the fact there's no underlying tort. So if we even put that to the side, Mr. Ablen needed to present the court some evidence that there was conspiratorial agreement by Merrill Lynch and Tax Strategies Group, the third party involved. There's no evidence of that. There's no record citations whatsoever to the court on that. So even if we put aside the waiver of the arguments, even if we put aside the fact that the district court got it wrong on those two underlying claims of promissory staff and tortious interference, there's no evidence of an agreement here. So there's no basis within this appeal record for this court to find that the district court didn't do anything wrong and the district court didn't do anything wrong. The decision is consistent with how you should evaluate conspiracy claims and consistent with how the parties framed it to them. I'm happy to answer any questions if the panel has any, but I think that summarizes where we're at. Okay, thank you, Mr. Connelly. Mr. Borstein? Essentially, what Merrill Lynch is arguing is that the decision in this case, in the fidelity national title case that I cited, and the Jones v. City of Chicago case that I cited, that those should be overruled. This court has said that if somebody is undertaking to do something wrong and another party understands that, agrees with it, and facilitates it and it's been damaged, then, in fact, they're responsible for what went wrong  It is not a conspiracy. Well, but your reply brief says that the only reason you want to remand is to evaluate your conspiracy accusation. And, Your Honor, I've acknowledged, I think that I did not properly state that. What I want to do is analyze whether they have taken into account the assistance that was given and, for shorthand, referring to it as conspiracy. As a matter of fact, these cases all show up if you're researching conspiracy. That's where these cases show up. It's conspiracy. It's technically not conspiracy. What it is, is the facilitation of somebody doing something wrong. Wait a second. Is there a tort of facilitation? What? I don't understand. You don't want the remand to get involved with promissory estoppel or tortious interference. You talk about facilitation. Is that some other tort? I've never heard that. In accordance with the two cases that I just referred to. What it is, that they become that party becomes liable for the wrong that was done which it facilitated. How is that different from a conspiracy? You're accusing Maryland of a conspiracy with TSG, right? Yes. But the conspiracy isn't a tort in Illinois law, right? Under the cases that this court has decided that that facilitation is a wrong which has a remedy. The violation of the TSG agreement and the manipulation of the escrows and paying money But you didn't say that. You said in your reply brief you wanted a remand to explore the conspiracy count. And now you're saying there's this other tort facilitation. I categorized it described it as conspiracy that's basically in the research it's described that way and as I look at this I don't think because to have a conspiracy you need actually to be a conspirator. This is the facilitation and those two cases say that if that's what you do you are responsible for what the wrongs and the resulting damages that were caused by the individual or entity that you facilitated. Is that it? Yes, that's it. Okay, well thank you very much. Thank you.